UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ICONIX, INC.,<br><br>        Plaintiff(s),<br><br>v.<br><br>LANCE TOKUDA, ET AL.,<br><br>        Defendant(s).<br>_____/ | No. C-06-2201 SBA (JCS)<br><br>NOTICE OF REFERENCE; ORDER DENYING PLAINTIFF'S MOTION TO CHANGE TIME TO PERMIT TARGETED, EXPEDITED DISCOVERY; ORDER TO MEET AND CONFER |

This matter has been referred to the undersigned for all pending and future discovery matters. Plaintiff has filed a "Motion to Change Time to Permit Targeted, Expedited Discovery" (the "Motion") pursuant to Civil Local Rule 6-3. The Motion is DENIED without prejudice on the following grounds:

1. Civil Local Rule 6-3 is not the appropriate vehicle for a motion to conduct expedited discovery before the time set under Federal Rule of Civil Procedure 26.

2. The parties have not adequately met and conferred in this matter. Indeed, the correspondence attached to the Motion, and to the Opposition, suggests that the parties plan to disagree on many issues concerning the scope and timing of discovery.

Accordingly, IT IS HEREBY FURTHER ORDERED that before filing any discovery motion before this Court, the parties must comply with the following:

1. Lead trial counsel for both parties must meet and confer *in person* regarding the matter(s) at issue. This meeting shall occur after other efforts to resolve the dispute, such as telephone, e-mail, teleconference, or correspondence, have been unsuccessful. Once those efforts have proved unsuccessful, any party may demand a

meeting of lead trial counsel to resolve a discovery matter.  Such a meeting shall occur within ten (10) business days of the demand.  The locations of the meetings shall alternate.  The first meeting shall be at a location selected by counsel for Plaintiff.  If there are any future disputes, the next such meeting shall be held at a location to be determined by counsel for Defendants, etc.

2. Within five (5) business days of the in-person meeting between lead trial counsel referred to above, the parties shall jointly file a detailed letter with the Court, which will include the matters that remain in dispute, a detailed substantive description of each side's position on each such issue, and a description of each side's proposed compromise on each such issue.

3. After the Court has received the joint letter, the Court will determine what future proceedings, if any, are necessary.

In the event that the parties continue to be unable to resolve the matters regarding the timing and scope of discovery, the Court will consider what future actions are necessary.  These actions may include the following: (1) sanctions against a party failing to cooperate in the discovery process and meet and confer in good faith, as required by this Order, the Federal Rules of Civil Procedure, and the Local Rules of this Court; and/or (2) requiring the Chief Executive Officers of each party to attend the in-person, meet-and-confer sessions described above.  The Court is not entering either of these matters as an Order of the Court at this time, and fully expects counsel to meet their obligations under this Order and under the Local Rules.

IT IS SO ORDERED.

Dated: April 18, 2006

JOSEPH C. SPERO
United States Magistrate Judge