KENNETH A. KUWAYTI (CA SBN 145384)
ERIC S. WALTERS (CA SBN 151933)
SUSAN VASTANO VAUGHAN (CA SBN 223576)
DAN WAN (CA SBN 238416)
KKuwayti@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California  94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792

Attorneys for Plaintiff
ICONIX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ICONIX, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>LANCE TOKUDA, JIA SHEN, NETPICKLE, INC.,<br><br>            Defendants. | Case No.   C-06-02201-SBA (JCS)<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO NEW EVIDENCE AND ARGUMENT IN ICONIX'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge:  The Hon. Saundra B. Armstrong |

PL.'S RESP. TO DEFS.' OBJ. TO NEW EVID. & ARG. IN ICONIX'S
REPLY MEMO ISO ITS MTN FOR PRELIM. INJUNCTION
Case No. C-06-02201-SBA (JCS)
pa-1089332

1

## I. INTRODUCTION

Defendants' request to strike certain evidence and arguments from Iconix's reply papers should be denied. Iconix's reply directly rebuts evidence and arguments made in Defendants' opposition briefs, which is the very purpose of a reply brief. Defendants ignore the applicable Local Rules, which expressly allow filing of evidence together with a reply brief, and instead rely on irrelevant cases involving the rules governing summary judgment motions, and situations where entirely new issues are raised for the first time in a reply brief *on appeal*.

Nor should Defendants' surreply arguments and declarations be considered. Defendants' request is contrary to the Local Rules which prohibit filing of surreply materials without prior court approval. Their evidence and arguments should have been included with their opposition papers so that Iconix would have had an opportunity to respond in its reply.

## II. ARGUMENT

### A. Defendants' Request To Strike Evidence Cited In Iconix's Reply Brief Should Be Denied Because Local Rule 7-3(c) Authorizes The Filing Of Such Evidence.

Defendants' Objections[1] regarding allegedly "new" evidence cited in Iconix's reply are without merit. At the outset, Defendants ignore entirely the applicable Local Rules, which expressly permit the filing of evidence together with a movant's reply papers. In particular, Local Rule 7-3(c) provides that a reply "may include affidavits or declarations." Such evidence is necessarily "new" in the sense Defendants use the word -- *i.e.*, evidence that was not cited in the initial moving papers. Local rules that are not contrary to the Federal Rules of Civil Procedure are "laws of the United States" and enforced like any other laws. *Marshall v. Gates*, 44 F.3d 722, 724 (9th Cir. 1994) (quoting *United States v. Hvass*, 355 U.S. 570, 575 (1958)). Defendants do not contend that Local Rule 7-3(c) is contrary to the Federal Rules of Civil Procedure, and it clearly authorizes the filing of "new" evidence with a reply brief.

---

[1] References to "Defendants' Objections" herein are to Defendants' Objections to New Evidence and Argument in Iconix's Reply Memorandum in Support of its Motion for Preliminary Injunction (Docket No. 130).

PL.'S RESP. TO DEFS.' OBJ. TO NEW EVID. & ARG. IN ICONIX'S
REPLY MEMO ISO ITS MTN FOR PRELIM. INJUNCTION
CASE NO. C-06-02201-SBA (JCS)
pa-1089332

2

In contrast, the two cases cited by Defendants that relate to filing of "new" evidence (as opposed to new arguments) rely specifically on the rationale that in the context of *summary judgment* motions, Rule 56(c) of the Federal Rules of Civil Procedure requires that "new" evidence not be filed together with a reply brief without affording the opposing party an opportunity to respond. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *Davenport v. M/V New Horizon, Inc.*, No. C 01-0933, 2002 WL 32098289, at *3 (N.D. Cal. Dec. 18, 2002) (Armstrong, J.). Rule 56(c)'s limitation on citing new evidence does not apply outside the summary judgment context. *Sanford v. GMRI, Inc.*, No. CIV-S-04-1535, 2005 U.S. Dist. LEXIS 27581, at *4 n.2 (permitting filing of new evidence with reply papers in attorney fee application and distinguishing cases under Rule 56(c) of the Federal Rules of Civil Procedure).[2] The other cases cited by Defendants relate to entirely new issues being raised for the first time in a reply brief on appeal.[3] This case involves neither an appeal nor new issues raised in a reply brief. Indeed, as explained in more detail below, the evidence in question directly rebuts arguments made in Defendants' oppositions.

> **B.  Defendants' Request To Strike Arguments Made In Iconix's Reply Brief Should Be Denied Because Those Arguments Rebut Specific Points Made In Defendants' Opposition And Are Thus Not "New."**

Defendants' assertion that Iconix improperly made new arguments in its reply is also without merit. The arguments that Defendants complain of respond specifically to points raised

---

[2] Even if the court were to find that the rule of *Provenz* applied outside the summary judgment context and that the evidence cited by Iconix were "new," the court should nonetheless deny Defendants' request to strike the evidence and argument since Defendants have had an opportunity to respond. *See Provenz*, 102 F.3d at 1483.

[3] *United States v. Boggi*, 74 F.3d 470, 478 (3d Cir. 1996) involved a criminal defendant who raised in his reply brief on appeal entirely new grounds for reversal. Even under those circumstances, the Court permitted the argument because the appellee had had an opportunity to respond. *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) similarly involves an entirely new argument that the appellee alleged had been made for the first time in the reply brief on appeal. The *Bohn* court nevertheless permitted the argument because it found the issue already had been raised by the appellee. *Id.* As explained below, Defendants here, like the appellee in *Bohn*, raised the very issues they now complain Iconix is addressing. *Bohn* thus supports Iconix, not Defendants.

PL.'S RESP. TO DEFS.' OBJ. TO NEW EVID. & ARG. IN ICONIX'S
REPLY MEMO ISO ITS MTN FOR PRELIM. INJUNCTION
CASE NO.  C-06-02201-SBA (JCS)
pa-1089332

3

1  in Defendants' oppositions, and in most cases consist of prior inconsistent statements made by the
2  Defendants themselves.

3  For example, in their oppositions, Defendants argue that the rockmyspace.com website
4  they had developed while employed at Iconix, worth millions, was merely a "hobby" and that
5  they only began to seek investor funding in February, after they left the company. *See, e.g.*,
6  Declaration of Jia Shen in Opposition to Plaintiff's Motion for Preliminary Injunction ("Shen
7  Decl.") (Docket No. 72-1), ¶¶ 50, 76; Declaration of Lance Tokuda in Opposition to Plaintiff's
8  Motion for Preliminary Injunction ("Tokuda Decl.") (Docket No. 71), ¶¶ 53, 57; Defendants Jia
9  Shen and Lance Tokuda's Memorandum in Opposition to Plaintiff's Motion for Preliminary
10 Injunction ("ST Opp'n") (Docket No. 65) 16.  Iconix's reply rebuts this spurious argument by
11 citing evidence that from the outset Defendants aimed to make "lotsa money," including from
12 advertisements through Google AdSense to generate cash, and that Defendants sought funding
13 from investors as early as December 2005.  Plaintiff Iconix, Inc.'s Reply Brief in Support of
14 Motion for Preliminary Injunction ("Reply Br.") 18:8-12, 18:16-18; Declaration of Nancy Halpin
15 in Support of Plaintiff Iconix, Inc.'s Reply Brief on Motion for Preliminary Injunction ("Halpin
16 Decl.") (Docket No. 114), Ex. 19 at NP33486.

17 Similarly, Tokuda submitted a declaration stating that he used his best efforts to develop
18 community or viral features for Iconix and that he continued to propose new strategies because he
19 "wanted to do everything possible to help it succeed."  *See* Tokuda Decl., ¶¶ 29-30, 12-23; *see*
20 *also, e.g.,* ST Opp'n 9, 14.  This claim is directly contradicted by Tokuda's IM exchange with
21 Jian Shen from February 1, where he makes clear that he chose not to use his best ideas for
22 Iconix.  Halpin Decl. Ex. 24 at 19:36-39.  Under Defendants' theory, a party is free to say
23 anything it wishes in declarations submitted with an opposition brief and the moving party is
24 powerless to respond with the actual facts.  This is not the law.

25 Iconix cannot be expected to anticipate every conceivable argument that Defendants might
26 make in their opposition briefs, and is entitled to an opportunity to respond.  Defendants argue in
27 their oppositions, for example, that they had offered all relevant technology to Iconix, and sought
28 to excuse their failure to disclose rockmyspace.com to Iconix because they now claim, among

1  other things, that their target users do not make use of e-mail and that flash slideshows
2  supposedly would not work in an email environment.  *E.g.*, Tokuda Decl. ¶¶ 15, 38, 39, 41, 58;
3  Shen Decl. ¶¶ 45, 52; ST Opp'n 15-16, 36.  Iconix's reply directly responds to these arguments
4  by, among other things, citing Defendants' own admissions that the users Defendants obtained for
5  rockmyspace.com were the same users Iconix was targeting for its e-mail ID product ("this really
6  was a home run crowd for e-mail id"), that Defendants admitted they were actually saving their
7  "best ideas" for rockmyspace.com, as well as evidence proving that a slideshow could easily be
8  linked into an email for viewing by users -- the same method the Defendants themselves use.
9  Reply Br. 8:10-11, 36:6-7, 9:18-24, 10:8-15.

10  Finally, one of the principal arguments Defendants made to support their position that the
11  balance of equities is in their favor is that users supposedly would not download Iconix's email
12  offerings and therefore the requested relief would not benefit Iconix.  ST Opp'n 35:3-4; Shen
13  Decl. ¶¶ 87, 88.  Iconix's evidence showing that Uberfuze enjoyed conversion rates of 15%
14  directly rebuts this argument.  Reply Br. 36:13-17.

15  To refuse to consider Iconix's arguments and evidence would effectively strip Iconix of its
16  right to respond to arguments Defendants made in their oppositions, which is contrary to the very
17  purpose of a reply brief.  *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040 (9th Cir. 2003)
18  (district court did not abuse its discretion by permitting movant to respond in reply papers to
19  argument raised in opposition brief); *Rosen Entm't Sys., LP v. Eiger Vision*, 343 F. Supp. 2d 908,
20  913 (C.D. Cal. 2004) (court considers evidence on reply rebutting arguments and evidence in
21  opposition).

### C. Defendants' Request To File A Surreply Brief And Declarations Is Substantively And Procedurally Flawed, And Should Be Rejected.

24  Defendants argue in the alternative that they should be permitted to file three new surreply
25  declarations, and also urge the court to consider substantive surreply arguments made in their
26  "Objections."  Defendants' request violates numerous Local Rules, and should be rejected.
27  At the outset, Defendants' request ignores Local Rule 7-3(d), which requires that after a
28  reply brief is filed, *prior court approval* must be obtained before filing any papers other than a

PL.'S RESP. TO DEFS.' OBJ. TO NEW EVID. & ARG. IN ICONIX'S
REPLY MEMO ISO ITS MTN FOR PRELIM. INJUNCTION
CASE NO.  C-06-02201-SBA (JCS)
pa-1089332

5

1  "Statement of Recent Decision" which cites new cases decided after a party's opposition or reply brief was filed.  Moreover, although Defendants seek affirmative relief in the form of a request that the court consider their surreply arguments and surreply declarations, they have failed to file a properly noticed motion as required by the Local Rules.  *See* Local Rule 7-1(a).

In addition to these fatal procedural defects, Defendants have also failed to justify the filing of a surreply brief and declarations.  Defendants themselves raised the very issues that they complain of in their oppositions; if they believed there was additional evidence supporting their arguments they should have raised it at that time so that Iconix would have had an opportunity to respond in its reply brief, as contemplated by the Local Rules.  Defendants' request would deprive Iconix of its opportunity to respond to Defendants' surreply arguments and evidence.

### III.   CONCLUSION

Defendants' request to strike Iconix's evidence and argument should be denied, as should its request that the court consider its surreply arguments and declarations.

Dated: August 24, 2006                                        MORRISON & FOERSTER LLP


                                                              By: /s/ ERIC S. WALTERS
                                                                     Eric S. Walters

                                                              Attorneys for Plaintiff
                                                              ICONIX, INC.

PL.'S RESP. TO DEFS.' OBJ. TO NEW EVID. & ARG. IN ICONIX'S
REPLY MEMO ISO ITS MTN FOR PRELIM. INJUNCTION
CASE NO.  C-06-02201-SBA (JCS)
pa-1089332

6

1  I, KENNETH A. KUWAYTI, am the ECF User whose ID and password are being used to
2  file this **Plaintiff's Response to Defendants' Objections to New Evidence and Argument in**
3  **Iconix's Reply memorandum in Support of Its Motion for Preliminary Injunction**.  In
4  compliance with General Order 45, X.B., I hereby attest that Eric S. Walters has concurred in this
5  filing.

6  
7  Dated: August 24, 2006                MORRISON & FOERSTER LLP

8                                          By:  /s/ KENNETH A. KUWAYTI
                                                Kenneth A. Kuwayti
9                                               Attorneys for Plaintiff ICONIX , INC.

PL.'S RESP. TO DEFS.' OBJ. TO NEW EVID. & ARG. IN ICONIX'S
REPLY MEMO ISO ITS MTN FOR PRELIM. INJUNCTION
CASE NO.  C-06-02201-SBA (JCS)
pa-1089332

7